## 58299. DORSEY v. THE STATE.

QUILLIAN, Presiding Judge.

Defendant appeals his conviction in a jury trial for the offense of operating a motor vehicle after being declared an habitual offender. *Held:*

1. The alleged offense occurred on August 10, 1978 when the defendant was observed driving a motor vehicle after being declared an habitual offender and having his driver's license suspended. The deputy sheriff who observed defendant driving recognized him because he had arrested him the previous year on a bench warrant on a charge of being an habitual violator. The deputy testified that he stopped the defendant because he knew that he might not have a driver's license. When stopped defendant could not produce a license, stating he had left it at home. The deputy detained defendant and by radio discovered that his license had been suspended in February 1975. The deputy thereupon impounded defendant's vehicle and took the defendant to jail.

Defendant contends in enumerations of error one and two that he was illegally convicted because the deputy who stopped him had no probable cause to believe any offense had been committed.

This court held in *Radowick v. State,* 145 Ga. App. 231 (244 SE2d 346) that the freedom to use the highways is limited by the state's police power when the officer has "specific and articulable facts" warranting a stop of a vehicle to investigate the circumstances which provoked a reasonable and founded suspicion on the part of police. An articulable suspicion is "less than probable cause to make an arrest or conduct a search, but must be more than caprice or arbitrary harassment." *Allen v. State,* 140 Ga. App. 828, 830 (232 SE2d 250). " '[A] police officer may in appropriate circumstances and in an appropriate manner approach a person for purposes of investigating possibly criminal behavior even though there is no probable cause to make an arrest'. . . The Fourth Amendment does not require a policeman who lacks the precise level of information necessary for probable cause to arrest to simply shrug his shoulders and allow a crime to occur or a criminal to escape. On the contrary, Terry recognizes that

it may be the essence of good police work to adopt an intermediate response." Adams v. Williams, 407 U. S. 143, 145 (92 SC 1921, 32 LE2d 612).

The stopping of the defendant's vehicle was not illegal. The deputy knew that defendant previously had been arrested as an habitual offender and his suspicion that the defendant might not be licensed to drive was reasonable based on that knowledge. The subsequent discoveries that defendant had no license in his possession and that his license had been suspended provided the necessary probable cause for the arrest of defendant. The trial court did not err in deciding that the stopping of defendant's vehicle and his subsequent arrest was lawful.

2. The remaining enumeration of error is deemed abandoned under the rules of this court. Rule 15 (c) (2); Code Ann. § 24-3615 (c) (2).

*Judgment affirmed. Smith and Birdsong, JJ., concur.*

SUBMITTED SEPTEMBER 10, 1979 — DECIDED OCTOBER 2, 1979.

*Stanley H. Nylen,* for appellant.
*Robert E. Keller, District Attorney, Michael D. Anderson, Assistant District Attorney,* for appellee.