65645. HIGHTOWER v. THE STATE.

POPE, Judge.

Defendant was found guilty of being a habitual violator after a bench trial; he was given a four-year probated sentence and fined $150. His sole contention is that the trial court erred in denying his motion for a directed verdict of acquittal "on the ground that the arresting officer had no probable cause to stop and confront [him]." This contention is without merit. The arresting officer did not need "probable cause" to stop him. *Dorsey v. State,* 151 Ga. App. 604 (1) (260 SE2d 749) (1979); *Radowick v. State,* 145 Ga. App. 231 (1) (244 SE2d 346) (1978). Also, whether the officer had a reasonable and articulable suspicion of criminal activity is not at issue here, because the officer testified that the reason he confronted defendant was because defendant had been driving at a very low rate of speed and then stopped on the road; the officer thought he needed assistance. A police officer is certainly not limited by the confines of the Fourth Amendment when endeavoring to fulfill his public service responsibilities.

Defendant argues further that there was no probable cause for arrest. This argument is without merit as well. Upon approaching the vehicle, the officer recognized defendant as a man he had previously stopped and found to be driving with a suspended license. When asked for his license, defendant stated that he did not have one. Furthermore, the officer did not arrest defendant until he had confirmed via a radio call that defendant's license was indeed suspended. This court has held a substantially identical arrest to be founded upon probable cause. *Dorsey v. State,* supra at 605.

*Judgment affirmed. Quillian, P. J., and Sognier, J., concur.*

DECIDED APRIL 4, 1983.

*Christopher A. Frazier,* for appellant.
*Darrell E. Wilson, District Attorney, Gerard P. Verzaal, Assistant District Attorney,* for appellee.