### 14124.   PASCHAL v. THE STATE.

BLOODWORTH, J.   1. There was no error in allowing in evidence proof of the physical condition of the prosecutor at the time of the battery.

2. Error is alleged "because the court declined to allow a cross-examination of L. Lipstine, the prosecutor in this case, as to a dispute between Mrs. L. Lipstine and Gordon Burnett, a joint landowner, relative to a title policy issued by the Atlanta Title Guarantee Company

to Mrs. L. Lipstine," and " in excluding from the cross-examination of L. Lipstine all matters as to the previous dealings of the said L. Lipstine with said defendant." On objection to this evidence the court said: " I sustain the objection still, except as to the facts that you state you expect to prove, that he approached the defendant in the café, and what he said. All the rest is ruled out." The exclusion of this evidence was not error.

3. As to the character of the accused, the witness W. J. Tilson for the defendant testified that he had known the defendant from his childhood, about nineteen years, and had " never heard his character questioned as a peaceful citizen." Upon objection to certain other testimony of this witness the court said: " The rule is clear. The witness can't testify what he knows of his character; it's his reputation that is admissible,— what the public says of a man." This was a correct statement of the law, and it is not made to appear that any harm resulted to the accused from the judge's announcement of it at that time.

4. The court did not err in excluding the testimony of witness Campbell, as set out in special ground 5 of the motion for a new trial.

5. In his instructions to the jury the judge told them: " The charge is assault and battery; a battery is the *unlawful* beating of another." (Italics ours.) He then charged them as follows: " In this case the State contends that the defendant Paschal made an assault on Mr. Lipstine, and that he *unlawfully* beat him. If he did, he is guilty. If he did not, he is innocent. If he is guilty, that is the way your verdict ought to read. If he is innocent, it ought to read, ' Not guilty.' " (Italics ours.) The fact that this charge was not followed by the words " without justification " does not render it erroneous.

6. The evidence amply authorized, if it did not demand, a verdict of guilty.
*Judgment affirmed. Broyles, C. J., and Luke, J., concur.*
DECIDED MARCH 6, 1923.

Conviction of assault and battery; from Fulton superior court — Judge Hardeman. November 27, 1922.

*Lovick Fortson,* for plaintiff in error.

*John A. Boykin, solicitor-general E. A. Stephens,* contra.