## HUGHES *v.* THE STATE.

. No. 8760.  JANUARY 14, 1932.

*P. Z. Geer,* for plaintiff in error.

*George M. Napier, attorney-general, B. T. Castellow, solicitor-general, T. R. Gress, assistant attorney-general,* and *Bond Almand,* contra.

GILBERT, J. The accused was convicted of the offense of rape, and his punishment was fixed by the jury at not less nor more than one year in the penitentiary. The exception is to a judgment overruling his motion for a new trial.

■ One ground of the motion complains that the venue of the crime was not proved. This ground is without merit. The injured female testified, with reference to the occurrence, that

"all of this occurred in this county," which necessarily meant the county in which the trial was being held.

■ Movant complains of the following instructions to the jury: "A reasonable doubt of the law does not mean a fanciful or captious doubt; it does not mean a doubt arbitrarily created in the minds of the jury for the purpose of finding an excuse to acquit, but it does mean a doubt which has some reasonable foundation upon which to rest, it means a doubt of fair-minded, impartial man and juror honestly seeking the truth, and which doubt grows out of the evidence or from the lack of the evidence, or from the statement or the proven circumstances in the case." The criticism is that the court did not explain to the jury what the court meant by the use of the term "statement" of the defendant, contending that such omission deprived the defendant of the benefit of his statement made in the case. This ground of the motion is without merit. It is not likely that the jury needed such explanatory instruction; but if so, proper written request should have been duly presented.

■ Movant complains of the following charge: "The statute says: In all criminal trials the defendant has the right to make to the court and jury such statement in his own behalf as he sees fit. This statement is not made under oath, it is not subject to cross-examination, and you are authorized to give it just such weight and credit only as you think it is entitled to receive. You may believe it in whole or in part, and you may believe it in preference to the sworn testimony in the case." The criticism is that the court did not in any manner define the word "statute" or instruct the jury that the word "statute" meant the law of the State. This ground is without merit, for the reason stated in the next preceding division.

■ Movant complains that the court erred in not charging the jury, even without request to do so, as follows, or substantially as follows: "Gentlemen of the jury, the court charges you that even though you should believe from the evidence in this case that if the defendant used force even if such is used as would ordinarily overcome power of resistance if conscience and voluntary consent was given by Mincie Howard, he would not be guilty of the crime and offense of rape." This ground is also without merit. It was the duty of movant, if an instruction on that particular subject was desired, to present proper written request.

■ Movant complains that "the court erred in not charging the jury, even without request to do so, as follows, or substantially as follows: 'Gentlemen of the jury, the court charges you that even though you should believe from the evidence that physical force was used by the defendant, Eddie Hughes, that if Mincie Howard, the female upon which it is alleged that he committed rape, finally consented to the act of intercourse you would not be authorized to find him guilty of the offense of rape, and it would be your duty to return a verdict finding the defendant not guilty.'" This ground is without merit, for the reason stated in the next preceding division.

■ Movant insists that a new trial should be granted defendant, because since he was convicted he and the injured female have been lawfully married. There is no law providing for the grant of a new trial for one convicted of rape because he has lawfully married the injured female after having been so convicted.

■ The verdict is supported by evidence.

*Judgment affirmed. All the Justices concur.*