## 26576. KIMBRELL v. THE STATE.

GUERRY, J. 1. In the trial of one charged with the offense of burglary, where the judge gave in charge to the jury the definition of that offense as contained in the Code, § 26-2633, it was not error to fail to charge the jury more fully as to the meaning of the terms "breaking and entering," in the absence of a timely written request therefor. See *Roark* v. *State*, 105 *Ga.* 736 (32 S. E. 125); *Pressley* v. *State*, 132 *Ga.* 64 (63 S. E. 784); *Jackson* v. *State*, 132 *Ga.* 570 (64 S. E. 656); *Cantrell* v. *State*, 141 *Ga.* 98 (80 S. E. 649); *Hughes* v. *State*, 174 *Ga.* 165 (162 S. E. 389); *Faison* v. *State*, 13 *Ga. App.* 180 (79 S. E. 39).

2. The evidence for the State disclosed a series of burglaries of houses under construction, and larceny therefrom of quantities of paint, painting materials, articles of hardware, such as door-knobs, hinges, etc., and other building materials. Also, that thereafter the defendant and Hart, his codefendant, offered to sell and did sell and deliver to a hardware merchant a large quantity of the hardware; that a great quantity of the stolen property, including some of the articles taken from the house which the present indictment alleges the defendant burglarized, was found in the garage in the rear of Hart's mother's home; and that the house in question, though under construction, was closed, and that entry was gained therein through a window in the back of the house. This evidence was amply sufficient to support a finding of guilt against the defendant.

*Judgment affirmed. Broyles, C. J., and MacIntyre, J., concur.*

DECIDED JANUARY 6, 1938.

B. J. Danlone, James R. Venable, for plaintiff in error.
Roy Leathers, solicitor-general, contra.

## 26575. HART v. THE STATE.

GUERRY, J. The present writ of error is controlled by the decision of this court in *Kimbrell* v. *State*, 57 *Ga. App.* 172 (194 S. E. 879).

*Judgment affirmed. Broyles, C. J., and MacIntyre, J., concur.*