## 40897. GATES v. THE STATE.

RUSSELL, Judge. 1. Generally, where the trial court defines the crime with which the defendant is charged in the language of the statute, this will be sufficient in the absence of a request for fuller instructions. *Paschal v. State,* 30 Ga. App. 22 (5) (116 SE 899) ; *Jordan v. State,* 103 Ga. App. 493 (120 SE2d 30) ; *Kimbrell v. State,* 57 Ga. App. 172 (194 SE 879). An instruction that battery is the unlawful imposition of the hands or arms of one person upon another against the will of the person alleged to have been assaulted, is not error because the court failed to instruct the jury without request in that connection that "it is not illegal to touch a person except in anger or with a lustful intent or purpose."

2. This defendant was indicted for assault and battery. The prosecutrix testified that the defendant, a stranger to her,

twice deliberately "touched," "tapped" or "hit" her on the buttocks in a public store. A police officer testified that after the defendant was arrested he freely and voluntarily made a statement in the course of questioning "that he touched Mrs. Hill down at McClennan's Ten Cent Store, and did it intentionally. He went down there for that purpose, not to especially touch Mrs. Hill but he went down there for that purpose. He went down to the store for that purpose. To touch someone." Defendant contends that an instruction on the law of confessions couched in the language of *Code* § 38-420 was error for the reason that the statement did not amount to more than an incriminatory admission, citing *Johnson v. State*, 204 Ga. 528 (50 SE2d 334). The statements in the *Johnson* case contained exculpatory elements lacking here. That the intentional touching of a woman by a man without excuse or justification constitutes a battery was early established in *Goodrum v. State*, 60 Ga. 509, and such an intention appears from the defendant's statement as quoted, together with an admission that he did the act charged. The instructions relating to the law of confession were accordingly without error.

3. The defendant in his statement to the jury admitted the act but contended that it was unintentional and accidental. Where the defense of misfortune and accident is unsupported by evidence and appears only from the defendant's statement, a written request is a prerequisite to the contention that failure to charge this principle of law is error. *Eich v. State*, 169 Ga. 425 (150 SE 579); *Darby v. State*, 16 Ga. App. 171 (84 SE 724). The theory of accident is not supported by the testimony of the prosecutrix in this case, she stating that the first time the defendant touched her she did not take action because she was not sure that the act was intentional, but that the second time it happened she was sure that it was.

4. The general grounds of the motion for new trial are without merit.

The trial court did not err in overruling the motion for new trial.

*Judgment affirmed. Nichols, P. J., and Hall, J., concur.*

DECIDED SEPTEMBER 22, 1964.

*Wyatt & Wyatt*, for plaintiff in error.
*Wright Lipford, Solicitor General, E. W. Fleming*, contra.