## 45345. NEAL v. THE STATE.

EVANS, Judge. The defendant was indicted, tried and convicted of the offense of larceny of an automobile, and also for the unlawful use of a license plate, both being felonies under

the Georgia law. He was sentenced to serve four years for the larceny of the automobile, and to serve two years concurrently for the unlawful use of the license plate. The appeal is from the judgment of conviction and sentence, with errors enumerated on (1) the court's failure to charge on a conviction on circumstantial evidence alone (*Code* § 38-109) as all the evidence in the case connecting the appellant to the alleged crime was allegedly circumstantial; (2) charging the law of confession as the defendant merely made certain criminal admissions and not a confession; and (3) in denying the appellant's motion for new trial as amended. *Held:*

1. There being evidence that the accused was seen in the missing automobile, thereafter chased and finally parked the vehicle near some woods where he was apprehended; that he told conflicting stories as to why he was in possession of the car, and finally admitted that "he stole it across from Fair and Elm"; and that the vehicle had been missing from a garage where it had been taken for repairs, shows direct evidence, as well as circumstantial, to authorize his conviction of the crime alleged. Accordingly, it was not error to fail to charge on a conviction on circumstantial evidence alone as authorized by *Code* § 38-109. *Nobles v. State,* 127 Ga. 212 (5) (56 SE 125); *Hegwood v. State,* 138 Ga. 274 (75 SE 138); *Bowen v. State,* 181 Ga. 427 (4) (182 SE 510); *Green v. State,* 210 Ga. 745 (2) (82 SE2d 703).

2. The defendant did make certain criminal admissions in addition to "he stole it across from Fair and Elm," but this statement was sufficient to authorize the trial court to charge the law of confessions, and the enumeration of error complaining that he merely made criminal admissions is not meritorious. *Code* § 38-420; *Webb v. State,* 140 Ga. 779 (2) (79 SE 1126); *Gates v. State,* 110 Ga. App. 303 (2) (138 SE2d 473).

3. The motion for new trial being on the general grounds alone, and there being evidence to support the verdict, the court did not err in denying the motion for new trial, as amended.

4. Having considered each and every error enumerated, and finding none, the

*Judgment is affirmed. Hall, P. J., and Deen, J., concur.*

SUBMITTED MAY 6, 1970—DECIDED MAY 26, 1970.

*Glenn Zell,* for appellant.

*Lewis R. Slaton, District Attorney, Tony H. Hight, Carter Goode,* for appellee.