A91A1958. RAMEY v. THE STATE.
(417 SE2d 699)

BEASLEY, Judge.

This appeal is from the denial of appellant's motion for new trial after he was convicted of one count of simple battery, OCGA § 16-5-23 (a) (2), and one count of battery, OCGA § 16-5-23.1 (a), based on an incident which took place while he was on duty as a uniformed city police officer. The simple battery count charged that he "did . . . intentionally cause physical harm to Lee Green by striking him. . . ." The battery count charged that he "did . . . intentionally cause visi-

ble bodily injury[1] to Lee Green by burning him. . . ."

The victim, who was described at trial as being "slow," "mentally unstable," and "a little delusioned," often sat outside the police station in McCaysville bragging about his purported exploits in the CIA, the FBI, and the Delta Force.

On the night of September 5, 1990, he and a friend, Lee Hensley, joined the appellant and several other men who had gathered at the Toccoa River Park in McCaysville. The men began discussing their military training, which led to a discussion of the victim's being out of shape and overweight. According to Hensley, the appellant, who was on duty and in uniform at the time, made the victim get down on the ground and do pushups and situps for several minutes, following which the victim ended up in the river. Hensley testified that after the victim climbed out of the river, the men tied his hands behind his back with his shirt, and the appellant began beating him with a flashlight on the back, groin, and head, "telling him to take the pain, that he was a man, he was going to have to take pain." Hensley stated that he left the scene for approximately 30 minutes at this point. When he returned, the victim was lying face down on the ground, with his hands handcuffed behind him. Appellant was standing on his back. Hensley testified that he thereafter witnessed the appellant burn the victim's nipples with a lighted cigarette.

He also stated that while visiting the victim's house several days later, he "noticed that [the victim's] underwear that he wore that night . . . had blood all over it." He described the victim's physical condition at this time: "[H]is chest and his back had blue places where he had took several blows with the flashlight, and his nipples on his chest were really bad. They was puffy and had pus in them, they was infected real bad. He was sick, he'd throw up two or three times a day, and he was really messed up."

At trial, the appellant admitted hitting the victim with a flashlight and burning him with a cigarette but asserted that he had done so at the express invitation and direction of the victim, who wished to demonstrate his ability to take pain. A GBI investigator testified that during a pre-trial interview the appellant had told him: "I have never really done anything like this before, and I don't know what happened that night. I guess I just sort of blew up, because of all his bragging."

1. Appellant's motion to strike the State's brief statement of facts for failure to comply with Rule 15 is denied. The statement substantially complies with those portions of the rule cited by appellant, in light of the issues on appeal. Moreover, failure to comply would not

---

[1] The Code says "harm."

result in a striking of the statement but would leave appellee with the consequences warned of in Rule 15 (b) (1). Or, if the problem is a failure to give specific citations or references to the record or transcript, the errant party may be required to file a corrected brief.

2. "On appeal a reviewing court may consider all the evidence in the case [cit.], and must view the evidence in the light most favorable to the verdict. [Cit.]" *Grier v. State,* 198 Ga. App. 840, 842 (2) (403 SE2d 857) (1991). The evidence introduced at trial was amply sufficient to enable a rational trier of fact to find the appellant guilty of battery and simple battery beyond a reasonable doubt. See generally *Jackson v. Virginia,* 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). Accord *Danzis v. State,* 198 Ga. App. 136 (4) (400 SE2d 671) (1990).

3. The appellant contends that the trial court erroneously prevented him from using the victim's consent as a defense to the charges by refusing to give two of his requested jury instructions, one defining battery as "the unlawful touching or striking of the person of another . . . , which is not legally consented to by the other," and the other defining the offense as an "[i]ntentional touching without excuse or justification."

Defendant was charged with intentionally causing visible bodily injury to Green by burning him, which would be a violation of OCGA § 16-5-23.1. It provides: "A person commits the offense of battery when he intentionally causes substantial physical harm or visible bodily harm to another." He was also charged with intentionally causing physical harm to Green. This would be a violation of OCGA § 16-5-23 (a) (2).

He was not charged with any violation of that section's subsection (a) (1), which prohibits a person from "[i]ntentionally mak[ing] physical contact of an insulting or provoking nature with the person of another." Although consent or lack thereof would be relevant in a case involving this subsection, Ramey was not so charged. The court correctly ruled on the evidence and gave a complete and correct charge on the elements of both offenses, reciting the words of the pertinent portions of both statutes. It is the act and intent and results of the defendant's act which constitute the crimes as charged; the attitude of the victim is not called into issue by these elements.

4. After initially ruling that the appellant would not be permitted to question the Mayor of McCaysville regarding certain prior statements the victim had made, the trial court reversed the ruling and allowed defense counsel to recall the witness to "ask [her] anything that goes directly to a prior inconsistent statement by [victim]." Counsel asked the court to give the jury certain unspecified "curative instructions" explaining why she had not previously been allowed to question the witness on this subject and that the court had made an erroneous ruling. The trial court disagreed that a curative instruction

was necessary and suggested that counsel simply recall the witness when the court asked if she had any other witnesses.

The appellant enumerates this ruling as error, arguing that "it appeared to reflect an opinion by the judge as to matters proved or the guilt of the accused, in derogation of OCGA § 17-8-57." Being unable to agree that any such opinion was expressed by the court, we find this enumeration of error to be without merit. Accord *Fletcher v. State*, 197 Ga. App. 112, 114 (3) (397 SE2d 605) (1990).

*Judgment affirmed. Carley, P. J., concurs. Johnson, J., concurs specially.*

JOHNSON, Judge, concurring specially.

I concur in Divisions 1, 2, and 4, and in the ruling in Division 3, but I believe further discussion is appropriate in that division.

The bulk of appellant's brief is directed to his contention that he was entitled to a charge on consent under the circumstances of this case.

The majority makes clear that the reason consent is not an issue in this case is because the appellant was charged under OCGA §§ 16-5-23 (a) (2) and 16-5-23.1 rather than under OCGA § 16-5-23 (a) (1), and I agree. However, the appellant has cited language from Georgia cases which on its face appears to support his position that to constitute a battery a bodily contact must be nonconsensual as well as harmful or offensive. I believe it is helpful to point out the distinctions which other courts have drawn between sexual batteries and severely injurious batteries involving the breach of public peace in order to make it clear that appellant's analysis cannot survive close scrutiny.

The appellant contends that the trial court erroneously prevented him from using the victim's consent as a defense to the charges by refusing to give two of his requested jury instructions, one defining battery as "the unlawful touching or striking of the person of another . . . , which is not legally consented to by the other," and the other defining the offense as an "[i]ntentional touching without excuse or justification."

The offense of simple battery is defined by OCGA § 16-5-23 (a), as follows: "A person commits the offense of simple battery when he either: (1) Intentionally makes physical contact of an insulting or provoking nature with the person of another; or (2) intentionally causes physical harm to another." (The simple battery count against the appellant was predicated on subsection (2), and of course the evidence established without dispute that he had intentionally caused physical harm to the victim.) The offense of battery is defined by OCGA § 16-5-23.1, which provides, in pertinent part, as follows: "(a) A person commits the offense of battery when he intentionally causes substan-

tial physical harm or visible bodily injury to another. (b) As used in this Code section, the term 'visible bodily harm' means bodily harm capable of being perceived by a person other than the victim and may include, but is not limited to, substantially blackened eyes, substantially swollen lips or other facial or body parts, or substantial bruises to body parts."

Neither of these statutes by its terms makes the victim's lack of consent an element of the offense. Compare, e.g., OCGA § 16-5-40 (kidnapping); OCGA § 16-6-1 (rape); OCGA § 16-7-21 (criminal trespass); OCGA § 16-7-60 (arson). However, the appellant has cited several cases which contain language supporting the proposition that a consensual touching does not constitute a battery. For example, in *Gates v. State*, 110 Ga. App. 303 (1) (138 SE2d 473) (1964), this court approved an instruction that "battery is the unlawful imposition of the hands or arms of one person upon another *against the will of the person alleged to have been assaulted. . . .*" (Emphasis supplied.) The defendant in *Gates* was convicted of battery based on evidence that he had deliberately touched a woman on the buttocks in a public store. Although the battery statute in existence at that time defined the offense as "the unlawful beating of another," Code of 1933, § 26-1408, the conviction was affirmed based on the Supreme Court's holding in *Goodrum v. State*, 60 Ga. 509 (1878), that "the intentional touching of a woman by a man without excuse or justification constitute[d] a battery" under this definition. *Gates*, supra, 110 Ga. App. at 304. Also, "[i]n *Brown v. State*, 57 Ga. App. 864, 867 (197 SE 82) (1938), this court quoted with approval the language of 4 AmJur 125, Assault & Battery, § 2, as follows: '(A battery is the) "Unlawful touching or striking of the person of another by the aggressor himself or by any substance put in motion by him, done with the intent of bringing about a harmful or offensive contact or apprehension thereof *which is not legally consented to* by the other and not otherwise privileged." ' " (Emphasis supplied.) *Harris v. State*, 106 Ga. App. 172, 179 (126 SE2d 693) (1962) (holding that a poisoning could be considered a battery under the former Code section).

Similar statements to the effect that consent is a defense in a prosecution for assault may be found in decisions from other states; however, "most of these statements are drawn from cases involving sexual assaults of one kind or another, and in the few cases which have involved an actual battery, without sexual overtones, the courts have usually taken the view that since the offense in question involved a breach of the public peace as well as an invasion of the victim's physical security, the victim's consent would not be recognized as a defense, at least where the battery is a severe one." Annot., Assault & Battery — Consent as Defense, 58 ALR3d 662, 664. See, e.g., *Wright v. Starr*, 179 P 877 (Nev. 1919) (involving a beating); *Com-*

*monwealth v. Farrell*, 78 NE2d 697 (Mass. 1948) (involving a sadistic burning with a cigarette); *State v. Fransua*, 510 P2d 106 (N.M. App. 1973) (involving a shooting). See also *Taylor v. State*, 133 A2d 414 (Md. 1957), citing 4 AmJur, Assault & Battery, §§ 83, 89; 6 CJS, Assault & Battery, § 90; Wharton, Criminal Law, 12th ed., Vol. 1, § 835; Russell on Crime, 10th ed., Vol. 1, p. 760.

The issue of whether consent may be considered a defense to a charge of "simple battery" under OCGA § 16-5-23 (a) or to a charge of "battery" under OCGA § 16-5-23.1 appears to be one of first impression. Certainly, the consent of the victim, or lack thereof, would be a relevant consideration in a prosecution for making physical contact "of an insulting or provoking nature," under OCGA § 16-5-23 (a) (1). However, as previously indicated, the appellant was not charged under that subsection. It is also possible to envision circumstances in which the presence or absence of consent might be relevant in a prosecution for battery under OCGA § 16-5-23 (a) (2) or § 16-5-23.1. It could be argued, for example, that an injurious physical contact committed in connection with a sport such as boxing would constitute a battery but for the element of consent. However, the physical contact in the present case obviously did not occur within the context of an officially sanctioned sporting event; and the suggestion that consent could be considered a defense to the type of prolonged, sadistic and gratuitous violence at issue here must, in the final analysis, be viewed as completely ludicrous. The trial court did not err in refusing to give the appellant's requested charges on this issue.

DECIDED MARCH 17, 1992 —
RECONSIDERATION DENIED APRIL 1, 1992.

*Mikele S. Carter*, for appellant.
*Roger Queen, District Attorney, J. Roger Thompson, Assistant District Attorney*, for appellee.