A93A2427. OGLETREE v. THE STATE.
A93A2429. DUNCAN v. THE STATE.
A93A2430. ALLEN v. THE STATE.
A93A2431. HIGHTOWER v. THE STATE.
A93A2434. HARDEMAN v. THE STATE.
A93A2435. HARDEMAN v. THE STATE.
A93A2436. RUTH v. THE STATE.
(440 SE2d 732)

BLACKBURN, Judge.

Appellants were tried together by a jury in DeKalb County State Court. Charles Ogletree and David Duncan were convicted of two counts of battery and Charlie Ruth, Willie Hardeman, Emanual Hardeman, and Arthur Allen, Jr., were convicted of two counts of battery

---

and one count of being a party to a crime.

The convictions arose from an incident which occurred during a meeting of a church in which appellants and the victim were members. After the victim argued with Allen, the church pastor, Allen ordered W. Hardeman, Ruth, Duncan, and E. Hardeman to whip the victim. E. Hardeman and Duncan held the victim by her arms while W. Hardeman and Ruth beat the victim with belts. Allen then directed Hightower and Ogletree to continue beating the victim. Allen testified that the beating lasted from 20 to 30 minutes until the victim was "beaten into submission." He further testified that the appellants continued to beat the victim after she had fallen to the floor. Two days after the beating, the victim showed her severely bruised and cut legs to her aunt. The victim's aunt called the police.

At the trial of the case, Allen refused indigent counsel and elected to represent himself. The remaining appellants also refused indigent counsel and elected to have Allen represent them at trial. No transcript or other recording of the trial was taken; therefore, pursuant to OCGA § 5-6-41 (g) a stipulation of trial testimony was prepared and entered on the record as the evidence and arguments presented at trial. On appeal, appellants are represented by counsel and assert several enumerations of error.

1. In their first enumeration of error, appellants assert that "because the U. S. and Georgia Constitutions protect an individual's right to participate in corporal punishment as a religious practice and because the physical harm in this case was not substantial, the trial court erred by failing to grant [their] motion for new trial on the general grounds that the evidence was insufficient to support the verdicts."

We are unable to reach the merits of this enumeration, to the extent that it raises First Amendment issues not raised below. " 'Constitutional issues not raised below are not preserved for appeal. (Cits.)' [Cits.]" *Cox v. State*, 205 Ga. App. 375, 376 (422 SE2d 68) (1992).

This enumeration also raises a question as to the sufficiency of the evidence for appellants' convictions. "A person commits the offense of battery when he intentionally causes substantial physical harm or visible bodily harm to another." OCGA § 16-5-23.1 (a). Appellants contend that the victim consented to the beating; however, her consent would make no difference to our analysis. "It is the act and intent and results of the defendant's act which constitute the crimes as charged; the attitude of the victim is not called into issue by these elements." *Ramey v. State*, 203 Ga. App. 650, 652 (417 SE2d 699) (1992). Furthermore, Allen admitted that the victim's hands were held during the beating, indicating lack of consent.

" 'On appeal the evidence must be viewed in the light most

favorable to support the verdict, and appellant no longer enjoys a presumption of innocence; moreover, an appellate court determines evidence sufficiency and does not weigh the evidence or determine witness credibility. (Cit.)' [Cit.]" *Cox*, 205 Ga. App. at 375. The evidence included pictures, taken several days after the beating, depicting bruises and cuts on the victim's legs. Testimony indicated that the bruises and cuts were more substantial than shown in the photographs. Thus, the evidence demonstrated visible bodily harm to the victim. *Danzis v. State*, 198 Ga. App. 136 (4) (400 SE2d 671) (1990). The evidence introduced at trial was sufficient to allow a rational trier of fact to find appellants guilty beyond a reasonable doubt of inflicting substantial physical harm, as well as visible bodily harm to the victim. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. In their second enumeration of error, the appellants contend that the trial court erred in failing to individually question those members of the jury panel who were challenged for cause due to their belief in not "whipping their children." The record discloses that Allen objected to the entire venire panel because they stated that they did not believe in whipping their children and because they were white. When the trial court failed to remove the panel, Allen refused to make any strikes. Thereafter, the trial court opened the jury selection to a 17-person jury panel which was presented to appellants. The selection process then began anew. The record does not reflect any further objections to the panel or individual jurors. Appellants have failed to affirmatively show error by the record after the trial court opened up the venire panel and started the selection process again. *Karvonen v. State*, 205 Ga. App. 852, 854 (424 SE2d 47) (1992).

3. Appellants' enumerations of error nos. 3 and 4 both assert error concerning evidentiary rulings made by the trial court. On appeal, appellants contend that the evidence sought to be introduced was admissible for impeachment purposes. However, appellants failed to make any response or proffer to the State's relevancy objection to the evidence at trial. Therefore, this enumeration is without merit. See *Anderson v. Jarriel*, 224 Ga. 495 (3) (162 SE2d 322) (1968).

4. In their last enumeration of error, appellants assert that the trial court erred in failing to allow them to present evidence of specific acts of good conduct of Allen to restore his good character after the State's presentation of evidence that Allen was violent. The State presented no evidence which put Allen's character into evidence beyond the facts proving the charges against Allen. By Allen's own testimony, he agreed that he ordered the beating and that the victim was "beat into submission." Appellants were allowed character witnesses; nine character witnesses testified on behalf of appellants as to their general reputation in the community. *Cunningham v. State*, 182 Ga.

App. 591 (356 SE2d 542) (1987). Specific instances of conduct are not allowed on direct examination of a character witness. Id. This enumeration is without merit.

While the law permits a party to represent himself at trial, one choosing to do so is entitled to no special treatment because he is not qualified for the task.

*Judgments affirmed. Birdsong, P. J., and Cooper, J., concur.*

DECIDED FEBRUARY 4, 1994.

*Morris, Webster & Corliss, Steven R. Webster*, for appellants.
*Ralph T. Bowden, Jr., Solicitor, Debbie M. Sullivan, Cliff Howard, Assistant Solicitors*, for appellee.