## 66112. DICKSON v. THE STATE.

POPE, Judge.

Richard Eric Dickson brings this appeal from his conviction of driving under the influence. The evidence at trial showed that on August 7, 1982 at approximately 7:05 a.m. appellant was observed by a Gwinnett County police officer traveling eastbound on Jimmy Carter Boulevard at a very slow rate of speed, between 15 and 20 m.p.h. The officer, who was traveling westbound, turned his vehicle around. Appellant's vehicle had come to a stop in a right traffic lane along the curb, so the officer followed standard procedure by pulling in behind appellant's vehicle and turning on his vehicle's flashers and blue light to ward off approaching traffic. Appellant approached the officer's vehicle, explained that he was out of gasoline and requested the officer to take him to a nearby service station. During the trip to the service station, the officer noticed the strong odor of alcoholic beverage emanating from appellant. When appellant got out at the

service station, the officer noticed that he was very "stumbly" and off balance in his movements. The officer then concluded that appellant was under the influence so as to make him unsafe to operate his vehicle. However, the officer did not arrest appellant until after they had returned to appellant's vehicle and appellant had dispensed the gasoline. Appellant was thereafter taken to police headquarters and given an intoximeter test; the results measured .12 percent alcohol.

1. Appellant first cites as error the trial court's denial of his motion to suppress. The basis of this motion was the purported absence of probable cause in stopping appellant's vehicle which thus resulted in his illegal arrest. "This contention is without merit. The arresting officer did not need 'probable cause' to stop him. [Cits.] Also, whether the officer had a reasonable and articulable suspicion of criminal activity is not at issue here, because the officer testified that the reason he [approached appellant] was because [appellant] had been driving at a very low rate of speed and then stopped on the road; the officer [pulled in behind appellant's vehicle and engaged his emergency lights because appellant was a safety and traffic hazard]. A police officer is certainly not limited by the confines of the Fourth Amendment when endeavoring to fulfill his public service responsibilities." *Hightower v. State,* 166 Ga. App. 177 (303 SE2d 515) (1983).

2. Appellant's remaining enumeration of error challenges the trial court's refusal to grant his request to charge on a pedestrian under the influence, OCGA § 40-6-96 (Code Ann. § 68A-505.1), which provides: "A person who is under the influence of intoxicating liquor . . . to a degree which renders him a hazard shall not walk or be upon any roadway." Appellant's counsel argued at trial that "it seems to me like the evidence has shown him to be out on the road in an intoxicated manner; and, therefore, possibly, even the accusation should have been phrased in those terms. That if he has a stalled vehicle, you know, walking down the road from a stalled vehicle or an out-of-gas vehicle, you are on a public highway in an intoxicated manner. Possibly, in the alternative, it should have been charged."

"It is a basic law that a defendant in a criminal case is entitled to have the jury consider every lesser offense which the evidence authorizes which is includable in the crime for which he was indicted." *Cook v.State,* 134 Ga. App. 357, 359 (214 SE2d 423) (1975); *Barton v. State,* 58 Ga. App. 554, 555 (199 SE 357) (1938). "A crime is so included when: (1) It is established by proof of the same or less than all the facts or a less culpable mental state than is required to establish the commission of the crime charged; or (2) It differs from the crime charged only in the respect that a less serious injury or risk

of injury to the same person, property, or public interest or a lesser kind of culpability suffices to establish its commission." OCGA § 16-1-6 (Code Ann. § 26-505).

OCGA § 40-6-391 (Code Ann. § 68A-902) provides: "A person shall not drive or be in actual physical control of any moving vehicle while: (1) Under the influence of alcohol. . . ." Testing the offense of being a pedestrian under the influence against the offense of driving under the influence pursuant to the foregoing statutory definition of included offenses, we find that, as a matter of fact or of law, the former is not a lesser included offense of the latter. "One can not be tried and convicted of an offense different from that for which he is prosecuted or called upon to answer." *Mayor &c. of Columbus v. Arnold,* 30 Ga. 517 (1860). It follows that the trial court did not err in refusing the subject request to charge. See *Gearin v. State,* 127 Ga. App. 811 (1) (195 SE2d 211) (1973); *Wells v. State,* 127 Ga. App. 109 (192 SE2d 567) (1972).

*Judgment affirmed. Quillian, P. J., and Sognier, J., concur.*

DECIDED SEPTEMBER 6, 1983.

*James L. Kraemer,* for appellant.
*Herbert T. Jenkins, Jr., Solicitor, Phil Wiley, Assistant Solicitor,* for appellee.