A90A1965. DANZIS v. THE STATE.
(400 SE2d 671)

McMURRAY, Presiding Judge.

Defendant was convicted of the offenses of battery and simple battery. He was sentenced to confinement for a period of 12 months (of which all but 14 days were probated) and fined $500 on the battery count. After conviction, a nolle prosequi order was entered by the trial court on the simple battery count inasmuch as the offenses arose out of the same conduct. Following the denial of his motion for a new trial, defendant appeals. *Held*:

1. During cross-examination of the victim (defendant's ex-wife), defense counsel asked if she had sworn out a warrant on the night in question. The victim replied that she did not, that the investigating officer obtained a warrant for defendant's arrest. Defense counsel persisted: "Q. You never have sworn out a warrant, you never have signed anything to say I want to swear out a warrant against my for-

mer husband? A. Yes, I have. Q. When was that? A. I can't remember the date, but I've done it on several occasions. Q. In this case? A. Not in this case, in other cases. Q. In this case? A. Oh, in this case, no. They did it for me that night." Thereupon, defense counsel pursued another line of questioning.

On redirect examination, the victim was asked: "Q. Okay. You said under examination that you had sworn out warrants on other occasions, is that correct?" The victim responded with a simple "yes" and, outside the presence of the jury, defendant moved for a mistrial. The motion was denied; but the trial court instructed the prosecutor to drop the line of questioning about other warrants. Defense counsel asked the trial court to instruct the jury to disregard any questions about other warrants; the trial court refused to do so. Thereupon, defendant renewed his motion for a mistrial.

In his first enumeration of error, defendant contends the trial court erred in failing to grant his motion for a mistrial or, at the very least, in failing to give curative instructions to the jury. We find no error.

The granting of a motion for mistrial or the need for a curative instruction are matters which lie within the trial court's discretion. We find no abuse of discretion inasmuch as the line of questioning about previous warrants was elicited first by defense counsel without objection. "It is the introduction of facts not in evidence that requires the application of such remedies." *Patterson v. State*, 124 Ga. 408, 409 (52 SE 534). Accord *Thompson v. State*, 150 Ga. App. 567 (2), 568 (258 SE2d 180).

2. Photographs depicting the nature and extent of the injuries sustained by the victim were offered in evidence. Defendant objected to the photographs on the ground that they were taken ten days after the victim was injured and did not depict her condition at the earlier time. Defendant assigns error upon the admission of the photographs in evidence. We find no error. *Johnston v. State*, 232 Ga. 268, 270 (1) (206 SE2d 468).

3. Defendant's assertion that the trial court erred in restricting the jury's consideration of the defense of provocation to the simple battery count is without merit. The trial court charged the language of OCGA § 16-5-25 pursuant to defendant's request to charge. By its clear terms, the defense is limited to the offense of simple battery; it does not apply to the offense of battery. OCGA § 16-5-25. Besides, it is apparent that the jury rejected the provocation defense (with regard to the simple battery count). Thus, it cannot be said that defendant was harmed by the jury's failure to consider the provocation defense with regard to the battery count.

4. The investigating officer observed red scuff marks on the victim's head, arms and legs. The scuff marks turned into substantial

bruises — as evidenced by photographs of the victim taken ten days after she was beaten and kicked. Thus, the evidence demonstrated that defendant inflicted visible bodily harm upon the victim. See OCGA § 16-5-23.1 (offense of battery). The evidence was sufficient to enable the jury to find defendant guilty of the offense of battery beyond a reasonable doubt. See *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560).

*Judgment affirmed. Carley, C. J., and Sognier, J., concur.*

Decided December 4, 1990 —
Rehearing denied December 19, 1990 — 

*Harrison & Harrison, G. Hughel Harrison, Samuel H. Harrison,* for appellant.

*Gerald N. Blaney, Jr., Solicitor, Jeffrey P. Kwiatkowski, Assistant Solicitor,* for appellee.