A91A0545. FOODY v. THE STATE.
(407 SE2d 469)

McMURRAY, Presiding Judge.

On October 3, 1990, appellant filed his motion for disqualification or recusal of the trial judge. Appellant's motion was predicated on a number of events which occurred on September 24, 1990, including the trial judge having caused appellant's counsel to be jailed for direct criminal contempt. (See *In re Spruell*, 200 Ga. App. 218 (___ SE2d ___).) The trial judge proceeded pursuant to Rule 25.2 of the Uniform Rules for the Superior Courts, also applicable in the State Courts, to consider the timeliness of the filing of appellant's motion and the legal sufficiency of the affidavit accompanying the motion. The motion to recuse was denied as untimely filed and because the affidavit set forth insufficient grounds for recusal. We granted this interlocutory appeal in order to review the denial of appellant's motion. *Held*:

Rule 25.1 of the Uniform Rules for the Superior Courts, also applicable in the State Courts, requires that all motions to recuse or disqualify shall be filed and presented to the judge "not later than 5 days after the affiant first learned of the alleged grounds for disqualification, unless good cause is shown for failure to meet such a time requirement." See *Mills v. State*, 187 Ga. App. 79 (1) (369 SE2d 283). Computed in accordance with OCGA § 1-3-1 (d) (3), the fifth day following September 24, 1990, was October 1, 1990, therefore appellant's motion was not timely.

---

Appellant contends that the incarceration of his attorney is good cause to allow the late filing of his motion to recuse. However, appellant's counsel was released from jail on September 25, 1990, and even if the five-day time limit is viewed as beginning upon the release of the attorney, it would end on October 2, 1990, and the appellant's motion would remain untimely. Thus, we find no reason to conclude that good cause existed for a delay beyond five days after release of appellant's attorney. We agree that there was no good cause shown for the untimely filing of plaintiff's motion. As it was not timely filed, there was no error in the denial of appellant's motion. *Mills v. State*, 187 Ga. App. 79 (1), supra. The remaining enumerations of error are moot.

*Judgment affirmed. Sognier, C. J., and Andrews, J., concur.*

DECIDED JUNE 27, 1991.

*Billy L. Spruell*, pro se.
*Brian M. Dubuc*, for appellant.
*Ralph T. Bowden, Jr., Solicitor, Ann M. Elmore, Assistant Solicitor*, for appellee.

