A97A1837. CHILDERS v. THE STATE.
(491 SE2d 456)

ELDRIDGE, Judge.
A Cherokee County jury found appellant Timothy Joel Childers

guilty of aggravated battery,[1] which offense arose from an incident of domestic violence in which appellant beat his girl friend about the head and face, thereby breaking her jaw in two places and causing her to lose two teeth; appellant was found not guilty of a simple battery count arising out of a separate incident on a different date. He appeals. We affirm.

1. Appellant first challenges the trial court's instructions to the jury, alleging as error the court's failure to charge on the law regarding "mere presence" contained in defense Request to Charge No. 10. This contention is wholly without merit as the appellant was acquitted of the count for which the charge was submitted, simple battery, and appellant specifically acknowledged that the charge would not apply to any other count. "Harm as well as error must be shown to warrant a reversal." (Citations and punctuation omitted.) *Whitt v. State*, 215 Ga. App. 704, 710 (8) (452 SE2d 125) (1994).

2. Next, appellant contends that the trial court erred in permitting the State to ask the jury on voir dire five questions[2] dealing with personal beliefs concerning domestic violence issues.

"Limitation placed on counsel in questioning during voir dire under OCGA § 15-12-133 lies largely within the sound discretion of the trial court, and appellate courts should not interfere with the court's exercise of that discretion unless it has been manifestly abused. [Cits.]" *Harper v. State*, 222 Ga. App. 393 (474 SE2d 288) (1996).

We have reviewed the questions about which appellant complains and find that each of them properly explored "any fact or circumstance indicating any inclination, leaning, or bias which the juror might have respecting the subject matter of the action," domestic violence, including "any opinion as to which party ought to prevail." OCGA § 15-12-133; *Chancey v. State*, 256 Ga. 415, 424 (349 SE2d 717) (1986). The challenged questions did not ask the jury to prejudge either the evidence or the factual issues in the case sub judice. There was no abuse of discretion.

3. In his final enumeration of error, appellant challenges the sufficiency of the evidence. In light of the appellant's trial testimony that he hit the victim with his fist "four or five times," knocking her

---

[1] In the same indictment, appellant was also charged with one count of aggravated assault occurring on the same date as the aggravated battery; the jury found appellant guilty of the lesser included offense of reckless conduct; the reckless conduct conviction was merged into the aggravated battery at sentencing.

[2] State's inquiry: if anyone agrees with the following please raise your hand: (1) some women want to be hit; (2) some women ask to be hit; (3) the only way to get the attention of some women is to hit them; (4) hitting, punching, or kicking someone is an acceptable way to vent anger or frustration; and (5) the State should not get involved in domestic and/or family violence situations.

unconscious, and the testimony of the victim's treating physician, with accompanying photographs, detailing the nature and extent of her injuries, which evidence included a permanent scar disfiguring the victim's face and the loss of two teeth, we find that sufficient evidence was presented for a rational trier of fact to have found appellant guilty beyond a reasonable doubt of aggravated battery. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); see also *In the Interest of H. S.*, 199 Ga. App. 481 (405 SE2d 323) (1991).

*Judgment affirmed. Birdsong, P. J., and Ruffin, J., concur.*

DECIDED AUGUST 22, 1997.

*Louis M. Turchiarelli*, for appellant.

*Garry T. Moss, District Attorney, Cecelia Harris, Assistant District Attorney*, for appellee.