## A98A0096. McCLAIN v. THE STATE.
### (502 SE2d 266)

SMITH, Judge.

Sherwin McClain was convicted by a jury of aggravated battery. OCGA § 16-5-24 (a). His motion for new trial was denied. He appeals, enumerating as error the general grounds and the trial court's refusal to give a requested charge on reckless conduct. We affirm.

Viewed in the light most favorable to the jury's verdict, the evidence showed the following: On December 5, 1995, as the victim was getting into his car, McClain threw a cupful of gasoline on him. McClain then struck a match and tossed it toward the victim, setting the victim and his car ablaze. As a result of McClain's actions, the victim was badly burned and suffered disfiguring keloid scarring.

McClain testified he did not intend to burn the victim; rather, he threw the gasoline on the victim's car as retribution for what he per-

ceived to be the victim's homosexual advances. An eyewitness who was a friend of McClain's supported this account of events at trial, testifying that McClain intentionally threw the gasoline on the victim's car but that any gasoline that splashed onto the victim got there inadvertently. The jury, however, was authorized to disbelieve this account, as there was sufficient evidence from which McClain's intent to burn the victim could be inferred.

McClain made a veiled threat to the victim just before he threw the gasoline, saying: "We are going to see who has the last laugh." McClain hid behind a house, waiting for the victim to emerge, which suggests the car was not the intended object of his vengeance since one need not lie in wait for a parked car. The victim testified that he ran to his car when McClain approached him with what he thought was a cupful of water. He was sure McClain threw the gasoline on him as he attempted to get inside his car. The eyewitness initially told police that McClain threw the gasoline onto the victim and "struck a match to him." Also, McClain was about five to ten feet away from the victim when he threw the gasoline. After throwing the gasoline, McClain waited about ten seconds before striking the match. The jury could infer that because McClain had the opportunity to see his victim was covered with gasoline, he knew the victim would also be set on fire when he tossed the lit match toward him. Further, the jury could also infer from the residual gasoline on the victim's clothing and the burn patterns on his clothing, body, and car that McClain intentionally doused the victim instead of inadvertently splashing him with gasoline.

1. Sufficient evidence was presented from which a rational trier of fact could find, beyond a reasonable doubt, that McClain maliciously — that is, intentionally and without justification or serious provocation — caused the victim bodily harm by seriously disfiguring him; this authorized a conviction for aggravated battery. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Childers v. State*, 228 Ga. App. 214, 215-216 (3) (491 SE2d 456) (1997).

2. The trial court did not err in refusing to give McClain's request to charge on the offense of reckless conduct. "The crime of reckless conduct is, in essence, an instance of criminal negligence, rather than an intentional act, which causes bodily harm to or endangers the bodily safety of another." *Bowers v. State*, 177 Ga. App. 36, 38 (1) (338 SE2d 457) (1985). Although McClain testified he did not intend to burn the victim, he admitted he did intend to burn the victim's car. McClain, according to his own undisputed testimony, committed a culpable act with criminal intent when he threw the gasoline and struck the match. Consequently, a charge on reckless conduct was not authorized by the evidence. See, e.g., *Perryman v. State*, 208 Ga. App. 754, 756 (3) (431 SE2d 742) (1993); compare *Riley*

*v. State*, 181 Ga. App. 667, 669-670 (3) (353 SE2d 598) (1987) with *Bowers v. State*, supra at 39.

*Judgment affirmed. Johnson, J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED APRIL 16, 1998.

*David E. Perry*, for appellant.

*Kenneth B. Hodges III, District Attorney, Gregory W. Edwards, Assistant District Attorney*, for appellee.