A00A0517, A00A0518. CHRISTENSEN v. THE STATE (two cases).

(537 SE2d 446)

ELDRIDGE, Judge.

We have consolidated two appeals from appellant Mark Christensen. One challenges his criminal conviction for aggravated battery, and the second challenges the trial court's denial of his motion to recuse.

*Case No. A00A0517*

A Muscogee County jury found Christensen guilty of aggravated battery arising from an incident that occurred during a pick-up soccer game involving Christensen and other professional players. During heated play, Christensen punched another player in the eye. The victim's eye socket was fractured, and he received multiple stitches; pictures introduced at trial showed that his eye was severely blackened. Christensen appeals his conviction, raising nine enumerations of error. Upon review, we find Christensen's contentions meritless and affirm.

1. Christensen first claims that the trial court erred by failing to charge the jury on (a) simple battery, and (b) "opprobrious words" as a defense thereto. We disagree.

(a) While the trial court did not charge on misdemeanor simple battery under OCGA § 16-5-23 (a) (1), the court charged on misdemeanor battery under OCGA § 16-5-23.1 (a) and (b).[1] This is because the State proved that the victim sustained a substantially blackened eye. There was no evidence to the contrary. A charge on simple battery would be applicable if the State does not prove that the harm is visible per OCGA § 16-5-23.1 (b) or if there is some question in that regard which might create a jury issue.[2] In this case, however, there

---

[1] A person commits the offense of battery when he or she intentionally causes . . . visible bodily harm to another. As used in this Code section, the term "visible bodily harm" means bodily harm capable of being perceived by a person other than the victim and may include, but is not limited to, substantially blackened eyes, substantially swollen lips or other facial or body parts, or substantial bruises to body parts. OCGA § 16-5-23.1 (a), (b).

[2] *Ross v. State,* 214 Ga. App. 385 (448 SE2d 52) (1994).

was no evidence to support a simple battery charge under OCGA § 16-5-23 because it went undisputed that the injury to the victim consisted of "visible bodily harm" and that the victim's eye was substantially blackened as a result of Christensen's punch.[3]

Further, harm as well as error must be shown to warrant reversal.[4] "Battery" is a more aggravated offense than "simple battery" because, while both offenses are misdemeanors and share the same elements, "battery" requires proof of the additional element of "substantial physical harm or visible bodily harm."[5] The offense of "aggravated battery" is a felony which requires additional proof of (i) malice, and (ii) bodily harm which disfigures or renders a member of the victim's body useless.[6]

In this case, the trial court gave the jury the option to find Christensen guilty of the lesser included offense of misdemeanor battery or of felony aggravated battery as indicted. By its verdict, the jury found the additional aggravating circumstances necessary to convict on the greater felony offense. Since the jury rejected misdemeanor battery and found the additional aggravating elements to warrant felony conviction, we reject the idea that the jury might have reached a different result had they also been charged on the even less culpable misdemeanor of simple battery. Accordingly, "any error in this instruction on the lesser included offense was rendered harmless by the jury's verdicts finding defendant guilty of the greater offense of [aggravated battery] in each alleged instance."[7]

(b) Opprobrious or "abusive language" can be a justification for simple battery.[8] However, Christensen was not charged with simple battery, and simple battery was not a lesser included offense in this case. Accordingly, "abusive language" is not an applicable defense. "By its clear terms, the defense is limited to the offense of simple battery; it does not apply to the offense of battery."[9]

Further, Christensen specifically testified that he hit the victim, not because of any abusive language used, but because he thought the victim was going to hit him:

[Christensen:] I was afraid he was going to hit me with his right hand when he dropped his shoulder to step back and if

---

[3] OCGA § 16-5-23.1 (a).

[4] *Paradise v. State*, 212 Ga. App. 166, 170 (4) (b) (441 SE2d 497) (1994).

[5] Compare OCGA §§ 16-5-23; 16-5-23.1.

[6] OCGA § 16-5-24 (a).

[7] *Paradise v. State*, supra at 170 (4) (b).

[8] A person charged with the offense of simple assault or simple battery may introduce in evidence any opprobrious or abusive language used by the person against whom force was threatened or used; and the trier of facts may, in its discretion, find that the words used were justification for simple assault or simple battery. OCGA § 16-5-25.

[9] *Danzis v. State*, 198 Ga. App. 136, 137 (3) (400 SE2d 671) (1990).

you swing from the right hand side, that's the side that you would block the punch if he was throwing right handed. . . .
[Defense counsel:] Okay. And the reason you did that, you were afraid he was about to hit you?
[Christensen:] Yes, sir.

Christensen took the stand and testified as to his intent in committing the act.[10] Without any claim whatsoever by Christensen that he committed the offense because of abusive language, he was not entitled to a jury charge on abusive language as a justification for his committing the offense.

Finally, the jury rejected the misdemeanor offense of battery and found the additional elements necessary to convict on felony aggravated battery. "Abusive language" is not a defense to felony aggravated battery. Since, as a matter of law, an "abusive language" defense under OCGA § 16-5-25 would not apply to the offense for which Christensen was convicted, the failure to give such instruction is rendered harmless.[11]

2. There was no error in the trial court's charge to the jury on the offense of aggravated battery. The court charged on the language of the statute, the elements of the offense, and that the State must prove each element beyond a reasonable doubt.[12]

Also, we find no conflict between the trial court's charge that the victim's loss of the use of his eye need not be permanent and the allegation in the indictment that Christensen rendered the victim's eye "useless." The court's charge was a correct statement of the law.[13] "The fortuitous fact that complete and permanent blindness did not result hardly suffices to create a fatal variance between allegata and probata."[14]

3. Christensen next asserts that the trial court erred in denying his motion for directed verdict. A motion for directed verdict is authorized only when there is no evidence to support a conviction.[15] In this case, the testimony of the victim and several eyewitnesses regarding Christensen's unprovoked attack on the victim, as well as pictures of the severity of the injury to the victim's eye and expert testimony

[10] Justification goes to negate criminal intent. See *Green v. State*, 240 Ga. App. 774, 776 (525 SE2d 154) (1999).

[11] *Childers v. State*, 228 Ga. App. 214, 215 (1) (491 SE2d 456) (1997).

[12] *Taylor v. State*, 178 Ga. App. 817, 818 (2) (344 SE2d 748) (1986); *Blackwood v. State*, 224 Ga. App. 486, 489 (2) (b) (480 SE2d 914) (1997).

[13] *Webb v. State*, 228 Ga. App. 624, 625-626 (492 SE2d 312) (1997).

[14] (Citation and punctuation omitted.) Id. at 626. Further, whether a victim's injury meets the evidentiary criteria to elevate a battery to aggravated battery is a question for the jury. Thus, we decline Christensen's additional invitation to define the types of injuries that can meet such standard.

[15] *Yawn v. State*, 237 Ga. App. 206, 207 (515 SE2d 182) (1999).

with regard thereto, was sufficient evidence to sustain the conviction. The expert medical testimony offered in rebuttal to the State's evidence provides no basis to reverse. Such is addressed to the credibility of the witnesses, and an appellate court does not weigh the evidence or determine the credibility of witnesses. In this case, the refusal to direct a verdict of acquittal based on sufficiency grounds was proper.[16]

4. The trial court admitted evidence of a similar transaction incident wherein Christensen punched a man in the face as a result of "road rage." On appeal, Christensen does not contest his identity as the perpetrator of the prior act. Nor does he contest the similarity of the independent offense. His contention is that the trial court should not have permitted the investigating officer to testify as to a statement made by the victim of the prior act.

The trial court found that the victim's statement was made 18 minutes after the incident, while the victim was still on the side of the road holding his bleeding face. The court determined that such statement was part of the res gestae of the prior offense, and the court permitted the officer to testify as to his investigation into the facts of incident, including the victim's res gestae statement. "A trial court's determination that evidence is admissible as part of the res gestae will not be disturbed unless it is clearly erroneous."[17] Under the facts of this case and Christensen's error as enumerated, we do not find the trial court's admission of the evidence to be clearly erroneous.[18]

5. Christensen contends that the trial court erred in refusing to permit him to recall in surrebuttal two defense witnesses to rebut the testimony of Christensen's ex-wife, Linda. However, we find no error.

Linda Christensen was called by the State and testified that Christensen beat her about the head and face with his fists after he came home one evening upset because he had been ejected from a soccer game. Pictures of the injuries sustained by Linda Christensen were introduced. Thereafter, the defense wished to call two surrebuttal witnesses — not to refute the fact that Christensen had beaten his ex-wife — but to testify that Christensen had never been ejected from a soccer game. We find that this evidence would have only tan-

---

[16] *Jones v. State*, 242 Ga. App. 357, 359 (2) (529 SE2d 644) (2000).

[17] (Citations and punctuation omitted.) *Brinson v. State*, 208 Ga. App. 556, 557 (1) (430 SE2d 875) (1993).

[18] Since the evidence was properly admitted under a res gestae exception to the hearsay rule, we will not address Christensen's contention that the State failed to prove the evidence was admissible under a necessity theory. "Georgia law has never required proof of unavailability of the declarant to admit res gestae. [Cit.]" (Punctuation omitted.) *Stovall v. State*, 216 Ga. App. 138 (1) (453 SE2d 110) (1995).

gentially rebutted the substance of Linda Christensen's testimony. Moreover, both witnesses had testified previously that Christensen had never been ejected from a soccer game. The trial court did not abuse its discretion in refusing to permit the witnesses to testify.[19]

6. At the onset of the trial court's charge to the jury, the judge instructed the jury regarding the indictment as a legal document. The court's instructions included an explanation of the evidentiary significance of the indictment as "not evidence of his [Christensen's] guilt nor is it evidence of his innocence by his plea of not guilty."

We disapprove of this portion of the trial court's instruction since a defendant need not supply "evidence of his innocence." A criminal defendant is presumed innocent until proven guilty, and the trial court's instruction as to "evidence of innocence" can serve only to confuse, even if such explanation was made solely in relation to the evidentiary value of an indictment.

However, jury instructions are not to be read in isolation. In this case, the trial court properly instructed the jury on Christensen's presumption of innocence and the State's burden to prove his guilt beyond a reasonable doubt. While the trial court's preliminary charge in relation to the indictment was confusing, it was not reversible error in light of the jury charge as a whole.[20]

7. We find no error in the trial court's instruction to the jury that "[t]he outcome of this case has absolutely nothing to do with the civil case that the victim has filed against the defendant and the CYSA [Cobb Youth Soccer Association]." From the context in which this charge was given, it is clear that the court was instructing the jury that the outcome of this case, i.e., Christensen's guilt or innocence, should be decided based on the evidence and the charge of the court, without regard to the outcome's effect on the civil case. This was a correct statement of the law, and the trial court did not limit the legitimate purpose for which evidence of the civil case was introduced, i.e., as a challenge to the credibility of the victim.

8. Christensen contends that the trial court's recharge on aggravated battery gave "undue weight" to that offense. We do not agree. Generally, "the scope and content of additional jury instructions are left to the sound discretion of the trial court, and the trial court may address only the jury's request on a particular point or give additional instructions."[21] In this case, the jury requested a recharge on aggravated battery. The record shows the jury wanted clarification as to the elemental differences between battery and aggravated battery: "[Foreperson:] We were just trying to determine the difference

[19] *Rayburn v. State*, 194 Ga. App. 676, 677-678 (4) (391 SE2d 780) (1990).
[20] *Huzzie v. State*, 236 Ga. App. 192, 197 (6) (512 SE2d 5) (1999).
[21] *Lawson v. State*, 224 Ga. App. 645, 649 (4) (481 SE2d 856) (1997).

between the two charges. What makes battery aggravated and what doesn't." The trial court then recharged on both battery and aggravated battery substantially as the court had originally charged. We find no abuse of discretion in the recharge.

9. The trial court did not err by refusing to give a jury charge on the law relating to "retreat." While Christensen claimed self-defense in that he thought the victim was going to hit him, there was no contention by the State that Christensen should have run away or otherwise "retreated" from the confrontation.[22] Accordingly, the issue of "retreat" was not raised by the evidence or placed in issue.[23]

## *Case No. A00A0518*

On April 9, 1999, Christensen believed that the trial judge had a bias against him in the judicial proceedings. On April 12, 1999, his counsel had an affidavit and motion to recuse prepared and read into the record prior to trial. However, a motion to recuse was not filed. On May 26, 1999, the trial court entered an order that prior to filing the trial transcript, the trial court would review the transcript for errors.

After trial and sentencing, Christensen filed a motion to recuse on July 14, 1999, based upon conduct of the trial court during trial and the order regarding the transcript inspection, which was denied as untimely by the trial court on July 23, 1999. On June 25, 1999, the trial court vacated its order as it pertained to inspecting the transcript prior to filing. On July 14, 1999, the defendant also filed an extraordinary motion for new trial based upon newly discovered evidence dealing with the trial court's order that the trial court review the transcript of the trial for errors prior to filing. On July 23, 1999, this extraordinary motion was also denied as not setting forth legal grounds for recusal.

10. Defendant contends that the trial court erred in denying his motion to recuse the trial judge. We do not agree.

Upon filing a motion to recuse under Uniform Superior Court Rule 25.3, the trial judge has the immediate duty to determine (1) if the motion has been timely filed; (2) the legal sufficiency of the affidavit; and (3) if the motion to recuse states a legal ground for recusal, i.e., assuming the facts alleged are true "whether recusal would be warranted."[24] USCR 25.1 requires that the motion to recuse be made within five days after first learning of the basis for recusal, and not later than ten days prior to trial or hearing, or "unless good cause be

---

[22] Compare *Jackson v. State*, 237 Ga. App. 746, 747 (516 SE2d 792) (1999).

[23] *Wainwright v. State*, 197 Ga. App. 43, 44-45 (2) (397 SE2d 456) (1990).

[24] *State v. Fleming*, 245 Ga. 700 (267 SE2d 207) (1980).

shown for failure to meet such time requirements."

(a) In regard to the motion to recuse of July 14, 1999, the trial court determined that it was untimely, which is the first duty of such judge when a motion to recuse is filed.[25] The bases for recusal were matters that were known on April 12, 1999, occurred during trial, or arose out of the entry of the order of May 26, 1999. The trial court properly ruled that the motion was untimely, because the most recent in time grounds was the order of May 26, 1999, which was entered approximately 48 days prior to filing the motion to recuse.[26] Unless the affidavit sets forth facts, reasons, and circumstances for the delayed filing of the motion that constitute good cause shown, such exception in the rule does not arise and would not be considered by the trial court in determining timeliness; the movant must invoke specifically such "good cause shown" exception.[27]

(b) The trial court properly determined that the motion did not state legally sufficient grounds for recusal in that the defendant did not show extrajudicial bias or abuse of discretion of the trial judge in ordering that the transcript be prepared and reviewed by the trial court prior to filing; the objected-to portion of the order was vacated prior to the completion of the transcript so that it caused no delay in the appeal process.[28]

(c) USCR 25.6 provides that, when the motion for recusal is transferred to another judge to pass upon the motion, such other judge will hear the matter based upon affidavit only at a hearing, "but may, in the exercise of discretion, convene an evidentiary hearing."[29]

Thus, Christensen is not entitled to have an evidentiary hearing unless his motion is found to be (1) timely; (2) the affidavit legally sufficient; and (3) the grounds legally sufficient; then the judge, hearing the recusal motion on the evidence, must exercise sound discretion to grant such evidentiary hearing. USCR 25.

11. Christensen contends that the trial court erred in denying his extraordinary motion for new trial based upon newly discovered evidence. We do not agree.

---

[25] *Birt v. State*, 256 Ga. 483, 484 (1) (350 SE2d 241) (1986).

[26] See *Quarterman v. Quarterman*, 268 Ga. 807, 808-809 (4) (493 SE2d 146) (1997); *Wellons v. State*, 266 Ga. 77, 88-89 (19) (463 SE2d 868) (1995); *Baptiste v. State*, 229 Ga. App. 691, 698 (2) (494 SE2d 530) (1997).

[27] See id.; *Threatt v. State*, 211 Ga. App. 630 (2) (440 SE2d 61) (1994); *Foody v. State*, 200 Ga. App. 230 (407 SE2d 469) (1991).

[28] *State v. Fleming*, supra at 702 (1); see also *Wellons v. State*, supra at 88 (18); *Birt v. State*, supra at 486 (4); *King v. State*, 246 Ga. 386, 390 (7) (271 SE2d 630) (1980); *Baptiste v. State*, supra at 694 (1).

[29] See *Pace v. State*, 271 Ga. 829, 833 (6) (524 SE2d 490) (1999); OCGA § 9-11-43 (b); *Johnson v. Aetna Finance*, 139 Ga. App. 452, 453-454 (2) (228 SE2d 299) (1976); *Price v. Star Svc. &c. Corp.*, 119 Ga. App. 171, 178-179 (3) (166 SE2d 593) (1969).

An extraordinary motion for new trial based upon newly discovered evidence is an improper vehicle to raise a motion to recuse; a motion to recuse can only be raised pursuant to USCR 25, which incorporates by rule approved by the Supreme Court the procedures to be followed in all cases of recusal.[30] To allow an extraordinary motion for new trial based on newly discovered evidence to be a vehicle to raise the issue of recusal would allow by indirection what is prohibited by direction, i.e., untimely motions to recuse, and would render the USCR 25 procedure meaningless; therefore, such motion cannot be used in such fashion.[31] Further, the holding in Division 1 governs this Division as well.

*Judgment affirmed. Johnson, C. J., Pope, P. J., Blackburn, P. J., and Phipps, J., concur. Barnes and Mikell, JJ., dissent.*

BARNES, Judge, dissenting.

Although I concur in Divisions 2, 3, 4, 5, 7, 8, 9, 10, and 11 of Judge Eldridge's excellent opinion, I must respectfully dissent from Divisions 1 and 6 because I believe that errors in the trial court's charge require us to reverse the conviction.

For a complete understanding of the issues in this case, the facts must be stated in greater detail than they are set out in the majority opinion. This case arose from an incident during a soccer game in which the defendant threw one punch after being called a motherf—r. Although initially sentenced to twenty years confinement with ten years to serve and ten years on probation, the trial court later reduced the sentence to seven years with two years to be served in confinement and the balance on probation. In the same order, the trial court gave Christensen credit for time served, allowed him to serve the balance of the two years under supervised probation, and ordered his immediate release from confinement. One of the terms of Christensen's probation required him to have treated the tuberculosis he contracted.

The charge against Christensen arose from an incident at a pick-up soccer game in a gymnasium. Based on the testimony, several skilled players were involved in a highly competitive game with extensive physical contact. Christensen and the victim became particularly physical, with extensive pushing and shoving and taunting between them. Finally, a direct confrontation ensued, and Christensen struck the victim in the face one time with his fist. According to

---

[30] See in general *State v. Fleming*, supra at 702-703; *Stevens v. Wakefield*, 160 Ga. App. 353, 356 (2) (287 SE2d 49) (1981), rev'd on other grounds, *Wakefield v. Stevens*, 249 Ga. 254 (290 SE2d 58) (1982); *Howard v. Dept. of Human Resources*, 157 Ga. App. 306, 308 (1) (277 SE2d 301) (1981).

[31] See *Threatt v. State*, supra at 630 (2).

one witness, Christensen struck the victim after the victim called him a motherf—r. After the victim fell to the floor, Christensen stood over him yelling for him to get up. Christensen testified that he hit the victim because he believed that the victim was about to hit him.

When those assisting the victim were unable to stop the bleeding, the victim was taken to the hospital where it was discovered that he had suffered an injury to the bone under his eye. The victim required stitches to his eyelid and the next day had double vision. The victim testified that he had double vision after his initial surgery and that the condition lasted for five or six months.

At trial, the evidence conflicted on the degree to which the injuries were permanent. The victim's treating physician testified that the victim had a cut that ran through his eyelid, some swelling around the eye, and complained about intermittent double vision and pain when he looked up. Further examination showed that the victim had a fracture on the floor of his eye socket. The treating physician also testified that after treatment, the victim did not look like anything was wrong with him. After he was discharged from treatment, the victim never contacted this doctor again.

Christensen called expert witnesses who testified that the victim's medical records did not support his claim of double vision. After his injury, the victim's eye sight was 20/20; he has no vision restrictions on his driver's license. In the fall after this incident, he played on a championship soccer team. Another physician, who examined the victim shortly before the trial, testified that he could not find in the treating physician's comments that the victim claimed he had double vision while looking to his left. According to this physician, the victim's medical records showed that the victim had complained of double vision with extreme upward and downward gaze shortly after the operation but later complained of double vision only on the upward gaze.

1. Christensen contends that the trial court erred by refusing to charge the jury on simple battery as a lesser included offense and refusing to charge on opprobrious words as a defense to simple battery. Although the trial court agreed initially that it would give a charge on simple battery, it ultimately decided to charge only battery with physical harm as a lesser included offense. Further, the trial court refused to give a charge on opprobrious words as a defense to simple battery.

A jury charge is authorized if there is some evidence from which a legitimate process of reasoning can be carried on in respect to the charge. *T.G. & Y. Stores Co. v. Waters*, 175 Ga. App. 884, 886 (2) (334 SE2d 910) (1985). This is true even if the great preponderance of the evidence is to the contrary. *Lyles v. State*, 130 Ga. 294, 295 (8) (60 SE 578) (1908).

Further,

> even if a lesser offense is not included in a charged offense as a general matter because the two offenses have different elements, the lesser offense may be an included offense in a particular case if the facts alleged in the indictment and the evidence presented at trial to establish the charged offense are sufficient to establish the lesser offense as well.

*Messick v. State*, 209 Ga. App. 459, 460 (1) (433 SE2d 595) (1993).

On appeal, the prosecution contends that a charge on simple battery was not warranted because the evidence established that Christensen was guilty of aggravated battery, and the majority has now, in effect, adopted this argument. This is an incorrect statement of the law.

> The complete rule with regard to giving a defendant's requested charge on a lesser included offense is: where the state's evidence establishes all of the elements of an offense *and there is no evidence raising the lesser offense*, there is no error in failing to give a charge on the lesser offense. Where a case contains some evidence, no matter how slight, that shows that the defendant committed a lesser offense, then the court should charge the jury on that offense.

(Citation and punctuation omitted; emphasis in original.) *Edwards v. State*, 264 Ga. 131, 133 (442 SE2d 444) (1994). A defendant is entitled to have the jury consider every lesser included offense raised by the evidence. *Dickson v. State*, 167 Ga. App. 685, 686 (2) (307 SE2d 267) (1983).

In Georgia,

> a lesser offense may be included in the greater offense as a matter of fact *or* as a matter of law. A lesser crime is included in a charged crime so that the accused may be convicted of the lesser crime when: (1) it is established by proof of the same or less than all the facts required to establish the commission of the crime charged; *or* (2) it differs from the crime charged only in the respect that a less serious injury or risk of injury or a lesser kind of culpability suffices to establish its commission. OCGA § 16-1-6.

(Citation and punctuation omitted; emphasis in original.) *Messick v. State*, supra, 209 Ga. App. at 460 (1).

Applying these tests, I find that simple battery is a lesser included offense of aggravated battery under either test. Therefore,

the only issue is whether simple battery was raised by the evidence.

Under our law, "A person commits the offense of simple battery when he or she either: (1) *Intentionally* makes physical contact of an insulting or provoking nature with the person of another; or (2) *Intentionally* causes physical harm to another." (Emphasis supplied.) OCGA § 16-5-23 (a).

In a similar manner, under our law, "A person commits the offense of battery when he or she *intentionally* causes substantial physical harm or visible bodily harm to another." (Emphasis supplied.) OCGA § 16-5-23.1. Similarly,

> A person commits the offense of aggravated battery when he or she *maliciously* causes bodily harm to another by depriving him or her of a member of his or her body, by rendering a member of his or her body useless, or by seriously disfiguring his or her body or a member thereof.

(Emphasis supplied.) OCGA § 16-5-24 (a).

In this case, evidence is in the record from which the jury could decide that Christensen did not maliciously cause the injury to the victim. See *McClain v. State*, 232 Ga. App. 282, 283 (1) (502 SE2d 266) (1998) ("maliciously" means "intentionally and without justification or serious provocation"). Thus, based on Christensen's testimony that he struck the victim, after the victim had used the offensive language, because he believed the victim was about to hit him, evidence exists from which the jury could conclude that Christensen's conduct was not malicious.

Christensen's testimony about his reason for hitting the victim also necessitates a charge on the lesser included offense of simple battery (OCGA § 16-5-23) even though the trial court gave a charge on battery (OCGA § 16-5-23.1). For Christensen to be convicted of either of these offenses it is not sufficient that physical harm, substantial or visible bodily harm, or bodily harm result. Christensen must have intentionally or maliciously caused the resulting harm. Therefore, the issue for the jury was not just whether the victim's injury met the requisite degree of harm to constitute simple battery, battery, or aggravated battery, but whether Christensen acted with the required intent to inflict the injury. The issue for the jury also should have been whether Christensen intentionally caused the victim substantial physical injury or visible bodily harm (see OCGA § 16-5-23.1) or whether he intentionally caused him physical harm. OCGA § 16-5-23 (a). The majority overlooks this distinction.

Although the majority apparently feels comfortable allowing the trial judge to eliminate this issue, "[t]he intention with which an act is done is peculiarly for the jury. [Cit.]" (Punctuation omitted.) *Eber-*

*hart v. State*, 241 Ga. App. 164, 165 (1) (526 SE2d 361) (1999). Neither the majority nor the trial court has the authority to resolve this factual issue.

> A person will not be presumed to act with criminal intention but the trier of facts may find such intention upon consideration of the words, conduct, demeanor, motive, and all other circumstances connected with the act for which the accused is prosecuted.

OCGA § 16-2-6.

Further, because of the conflicting medical testimony regarding the seriousness and permanence of the victim's injury, a jury question also was presented on whether the victim suffered the type of injury that would warrant a conviction of aggravated battery, battery, or simple battery. *Richards v. State*, 222 Ga. App. 853, 854 (1) (b) (476 SE2d 598) (1996). Therefore, I believe that our law requires a charge on the lesser included offense of simple battery. *Edwards v. State*, supra, 264 Ga. at 133.

Although the majority would dismiss this error because the jury found Christensen guilty of the most serious offense, I do not believe we can merely assume that the jury would have reached the result it did if a proper charge was given. This is particularly true since a charge on simple battery as a lesser included offense necessarily implicated a charge on the defense of opprobrious words.

> A person charged with the offense of simple assault or simple battery may introduce in evidence any opprobrious or abusive language used by the person against whom force was threatened or used; and the trier of facts may, in its discretion, find that the words used were justification for simple assault or simple battery.

OCGA § 16-5-25. Whether the words allegedly used by the victim justified Christensen's conduct is a jury question. *Collum v. State*, 65 Ga. App. 740, 742 (16 SE2d 483) (1941). Therefore, the trial court also erred by refusing to give this charge, and a new trial is required. It is mere speculation for us to conclude that the jury would have convicted Christensen of aggravated battery if a charge on this defense had been given.

2. Christensen also alleges that the trial court erred by instructing the jury as follows:

> Now ladies and gentlemen, it is true that an indictment by a grand jury is not evidence of guilt nor is the plea of not guilty by the defendant evidence of innocence. What an

indictment is, however, is a legal document that is used in the United States of America and in most jurisdictions and in other states in this country to say that there is probable cause for an individual to be tried for the offense for which the grand jury indicted this individual. In the United States of America, we do not simply jerk someone off the street and say you are accused of a crime and then come into some court somewhere and try them. The case goes before a grand jury and a grand jury hears testimony and they decide if there is enough evidence to accuse the defendant of aggravated battery. While it is not evidence of his guilt nor is it evidence of his innocence by his plea of not guilty. It is an official document and it has a place in the legal system. As I am required to do by the law, I shall at this time read you the indictment in this case.

The trial court then read the indictment to the jury. Later, the court made the following comments:

Now ladies and gentlemen, every Tuesday the grand jury meets and these indictments have to be returned in open court. That means one of us superior court judges, usually it's around lunch time, comes in and has the deputy open the courtroom, the bailiff from the grand jury turns these indictments over to the court. The court then turns them over to the clerk or the deputy clerk and the deputy clerk takes them to the superior court clerk's office on the second floor and they are filed and a number placed on them. This true bill was returned and signed by the foreperson, James N. King, on or about January 18, 1999, and it was filed and the [sic] stamped signature of M. Linda Pearce, Clerk of the Superior Court. It was in the December term of 1998, a term is two months, December and January. As I say, it is not evidence or proof of what it says nor is the plea of not guilty. But it is a legal document by which this case is brought before you for your consideration and determination.

Christensen made a timely objection to this charge asserting that the charge gave undue weight to the indictment. I agree.

This charge is not included in the Suggested Pattern Jury Instructions prepared by the Council of Superior Court Judges of Georgia. It is not apparent what the trial court intended by giving this elaborate charge on the indictment. Nor is it apparent what was intended by informing the jury that the indictment was a legal, official document. It is apparent, however, that this charge was wrong.

The charge correctly instructed the jury that the indictment was not evidence and, at the same time, informed the jury that the indictment was an official, legal document. This charge was confusing and also, in effect, told the jury that they should consider that an indictment was rendered in reaching their decision. Also, by suggesting that some weight should be given to the indictment, the charge conflicted with the pattern jury instruction that an indictment "should not [be] consider[ed] . . . as evidence or implication of guilt." Suggested Pattern Jury Instructions, Vol. II: Crim. Cases, 2nd ed., Part 2 (C). Under the circumstances, the instruction was unnecessary, confusing, and wrong. As charging errors are presumed harmful unless the record shows the error was harmless, and in my view the record does not support such a conclusion, I believe that Christensen's conviction should be reversed. *Foskey v. Foskey*, 257 Ga. 736, 737 (2) (363 SE2d 547) (1988); *Barton v. State*, 79 Ga. App. 380, 387-388 (2) (53 SE2d 707) (1949).

Accordingly, I must respectfully dissent from Divisions 1 and 6 of the majority opinion and the judgment. I am authorized to state that Judge Mikell joins in this dissent.

DECIDED JULY 14, 2000

*Frank K. Martin, John T. Martin*, for appellant.
*J. Gray Conger, District Attorney, George E. Lipscomb II, Assistant District Attorney*, for appellee.