## A10A0696. CROSBIE v. THE STATE.
### (697 SE2d 278)

SMITH, Presiding Judge.

Errol Ivanhoe Crosbie appeals from his convictions of armed robbery, hijacking a motor vehicle, aggravated assault, and possession of a firearm during the commission of a crime. He contends the trial court erred by denying his motion to recuse and by failing to suppress his statements to police. We find no merit in these contentions and affirm.

1. Crosbie argues he is entitled to a new trial because the trial judge should have recused himself. Crosbie moved to recuse based on a general allegation that the judge "has a personal bias or prejudice concerning the Defendant" and that the judge "has presided over two previous hearings involving the Defendant unrelated to the present case" in which the judge's "bias against him was demonstrated when he was precluded from presenting crucial evidence, that the Court improperly exercised jurisdiction over him, and that improper statements were directed to him." Attached to the motion was a copy of a "family violence ex parte order" and a "six month stalking protective order" which noted that Crosbie had failed to appear after being personally served. The trial court denied the motion to recuse in a detailed three-page order.

Uniform Superior Court Rule (USCR) 25.3 provides:

> When a judge is presented with a motion to recuse, or disqualify, accompanied by an affidavit, the judge shall temporarily cease to act upon the merits of the matter and shall immediately determine the timeliness of the motion and the legal sufficiency of the affidavit, and make a determination, assuming any of the facts alleged in the affidavit to be true, whether recusal would be warranted. If it is found that the motion is timely, the affidavit sufficient and that recusal would be authorized if some or all of the facts set forth in the affidavit are true, another judge shall be assigned to hear the motion to recuse. . . .

If the movant fails to demonstrate the existence of all three conditions in USCR 25.3,

> the trial judge shall deny the motion on its face as insufficient, and there is no need for the trial judge to assign the

motion to another judge to hear. It is as much the duty of a judge not to grant the motion to recuse when the motion is legally insufficient as it is to recuse when the motion is meritorious.

(Citation, punctuation and footnotes omitted.) *Gould v. State*, 273 Ga. App. 155, 159 (4) (614 SE2d 252) (2005).

With regard to the timing of a motion to recuse, USCR 25.1 requires that a motion to recuse be made within five days after first learning the grounds for recusal, and not later than ten days before a trial or hearing, "unless good cause be shown" for failure to meet such time requirements. "Unless the affidavit sets forth facts, reasons, and circumstances for the delayed filing of the motion that constitute good cause shown, such exception in the rule does not arise and would not be considered by the trial court in determining timeliness. . . ." (Citations, punctuation and footnote omitted.) *Christensen v. State*, 245 Ga. App. 165, 171 (10) (a) (537 SE2d 446) (2000).

As noted by the trial court in its order, Crosbie did not move for recusal until four months after his criminal case was assigned to the same judge who had previously presided over his other two cases. The affidavit submitted in support of his motion fails to provide any explanation for the delay in filing the motion. Based on this delay and the lack of any good cause shown for the delay, the trial court did not err by denying the motion to recuse. *Christensen*, supra, 245 Ga. App. at 171 (10) (a) (affirming denial of motion to recuse based upon 48-day delay in filing motion to recuse). See also *Walker v. Walker*, 248 Ga. App. 177, 179 (5) (546 SE2d 315) (2001).

2. In his remaining enumeration of error, Crosbie asserts that the trial court should have granted his motion to suppress statements he made to police. According to Crosbie, these statements were not voluntary because he testified that he had consumed twelve beers, smoked marijuana, was depressed, and had only received six years of schooling. In its order denying the motion to suppress, the trial court noted testimony by two police officers that Crosbie did not smell of alcohol or appear to be under the influence of any drugs or alcohol at the time of his statements. The trial court also listened to an audio recording of one statement and an audio/visual recording of another statement before concluding that all of Crosbie's statements had been given voluntarily. Based upon this evidence, the trial court did not err by concluding that Crosbie's statements were freely and voluntarily given. *Krause v. State*, 286 Ga. 745, 751 (7) (691 SE2d 211) (2010); *Carswell-Danso v. State*, 281 Ga. App. 576, 577 (1) (636 SE2d 735) (2006).

*Judgment affirmed. Mikell and Adams, JJ., concur.*

DECIDED JUNE 25, 2010.

*Edgar A. Callaway, Jr.*, for appellant.
*Richard R. Read, District Attorney, Roberta A. Earnhardt, Assistant District Attorney*, for appellee.