# Court of Appeals
# of the State of Georgia

ATLANTA,  February 15, 2018

*The Court of Appeals hereby passes the following order:*

**A18A0978. ERROL IVANHOE CROSBIE v. THE STATE.**

A jury found Errol Ivanhoe Crosbie guilty of armed robbery, hijacking a motor vehicle, aggravated assault, and possession of a firearm during the commission of a crime, and his convictions were affirmed on appeal. See *Crosbie v. State*, 304 Ga. App. 613 (697 SE2d 278) (2010). Years later, Crosbie filed a pro se "motion for clarification of the record indictment number 2008-CR-1518n and vacate all October indictments 2008-CR-1518n and proceeding void." Although Crosbie's motion is not well-articulated, he appears to challenge the validity of the indictment upon which he was tried. The trial court denied the motion, and Crosbie appeals. We, however, lack jurisdiction.

Crosbie's motion challenging his indictment is, in substance, a motion to vacate or set aside his convictions. The Supreme Court has made clear, however, that a motion seeking to challenge an allegedly invalid or void judgment of conviction "is not one of the established procedures for challenging the validity of a judgment in a criminal case" and that an appeal from the denial of such a motion is subject to dismissal. *Roberts v. State*, 286 Ga. 532 (690 SE2d 150) (2010). Because Crosbie is not authorized to collaterally attack his convictions in this manner, his appeal is

hereby DISMISSED.  See id.; *Harper v. State*, 286 Ga. 216, 218 (1) (686 SE2d 786) (2009); *Matherlee v. State*, 303 Ga. App. 765, 766 (694 SE2d 665) (2010).



*Court of Appeals of the State of Georgia*
      *Clerk's Office, Atlanta,  02/15/2018*
      *I certify that the above is a true extract from* *the minutes of the Court of Appeals of Georgia.*
      *Witness my signature and the seal of said court* *hereto affixed the day and year last above written.*

_____, *Clerk.*