**THIRD DIVISION
ELLINGTON, P. J.,
BETHEL, J., and SENIOR APPELLATE JUDGE PHIPPS**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules

**April 25, 2018**

# In the Court of Appeals of Georgia

A18A0035. WILKERSON v. THE STATE.

ELLINGTON, Presiding Judge.

A Spalding County jury found Delanerous Wilkerson guilty beyond a reasonable doubt of aggravated battery, OCGA § 16-5-24 (a); and aggravated assault, OCGA § 16-5-21 (a) (2). The trial court determined that the offenses merged and sentenced Wilkerson to twenty years imprisonment for the aggravated battery. Following the denial of his motion for a new trial, Wilkerson contends that the trial court should have set aside the verdict on aggravated battery, arguing that the indictment failed to allege a criminal act. In addition, he contends that, after finding that the offenses merged, the trial court erred in sentencing him for aggravated battery, rather than for aggravated assault, and, alternatively, erred in failing to sentence him to a punishment within the statutory range for false imprisonment under

the rule of lenity. Finally, he contends that he received ineffective assistance of counsel. For the reasons explained below, we affirm.

Viewed in the light most favorable to the jury's verdict,[1] the record shows the following. The incident that resulted in the charges occurred on May 10, 2012. During the preceding year, the victim and Wilkerson were in a relationship and living together. On multiple occasions, Wilkerson physically abused the victim, after which they would break up, followed by a reconciliation. In April 2012, after learning that Wilkerson was about to be released from jail following the most recent incident of domestic abuse, the victim fled and, after staying with a friend, checked into a homeless shelter in Griffin. Wilkerson contacted the victim at the shelter and aggressively confronted her several times, insisting that she return to him. On May 10, she reluctantly agreed to leave with him. After gathering her belongings and walking outside, the victim changed her mind and told Wilkerson that she would not leave with him. As the victim reached for the door handle to go back into the shelter, Wilkerson grabbed her by the hair and pulled her forcefully to the ground, saying "Bitch, you want to die off?" The victim's neck struck the ground, injuring her spinal

---

[1]*Jackson v. Virginia*, 443 U. S. 307, 319 (III) (B) (99 SCt 2781, 61 LE2d 560) (1979).

2

cord, and she was immediately unable to move her limbs. Due to the spinal cord injury caused by Wilkerson, the victim is now an incomplete quadriplegic, meaning she has no use of her legs and reduced use of her arms, and is confined to a wheelchair. Other than the victim, no eye witness to Wilkerson's attack came forward or testified at trial.

1. Wilkerson contends that the trial court should have set aside the verdict on aggravated battery, arguing that Count 1 of the indictment failed to allege a criminal act. In terms of the preservation of error, Wilkerson states he "raised the failure of the grand jury to allege a crime in the first count of the indictment in the motion for new trial."

An accused may challenge an indictment as absolutely void on the basis that it fails to charge the accused with a crime in three ways: by filing a demurrer before trial, by filing a motion in arrest of judgment during the term at which a judgment is entered, or by filing a petition for a writ of habeas corpus at any time.[2] Wilkerson has

---

[2] *Shelton v. State*, 307 Ga. App. 599, 603 (3) (b) (705 SE2d 699) (2011); *Grogan v. State*, 297 Ga. App. 251, 252 (676 SE2d 764) (2009); OCGA § 17-9-61; see also *McKay v. State*, 234 Ga. App. 556, 560 (2) (507 SE2d 484) (1998) ("[W]hen a claim that an accusation or indictment is absolutely void is not properly asserted in the trial court, it can be reviewed on appeal only through a habeas corpus proceeding. . . . The issue of whether the indictment underlying [the defendant's] conviction was void must await determination until such time as [he] avails himself of the proper

not pursued any of these Because Wilkerson failed to properly assert his challenge to the indictment in the trial court, as the record shows, this argument is not properly before this Court on appeal.[3]

2. Wilkerson contends that, after finding that the sentences merged, the trial court erred in sentencing him for aggravated battery, rather than for aggravated assault. Wilkerson contends that, although "labeled an aggravated assault," Count 2 of the indictment actually contained "all of the allegations of aggravated battery." It did not.[4] But, even if it did, Wilkerson has not articulated any prejudice to himself.

---

procedures for attacking the conviction on that basis.") (citations and punctuation omitted); *May v. State*, 179 Ga. App. 736, 739 (8) (348 SE2d 61) (1986) (Generally, "failure to challenge an indictment prior to verdict amounts to a waiver.") (citation omitted).

[3] In addition, Wilkerson states that "he also raised trial counsel's failure to file a demurrer to the count in his motion for new trial." Nevertheless, Wilkerson failed in his appellate brief to support the claim that his counsel's failure to file a demurrer constituted ineffective assistance of counsel with any citation of authority or argument. See Division 4, infra. Accordingly, this argument is deemed abandoned on appeal. See Court of Appeals Rule 25 (c).

[4] OCGA § 16-5-24 (a) provides:

A person commits the offense of aggravated battery when he or she maliciously causes bodily harm to another by depriving him or her of a member of his or her body, by rendering a member of his or her body useless, or by seriously disfiguring his or her body or a member thereof.

4

Whether Wilkerson was sentenced on Count 1 or on Count 2, he faced the same range of punishments, and he received the maximum sentence of 20 years imprisonment.[5] He has shown no harm. *Rutledge v. State*, 245 Ga. 768, 771 (3) (267 SE2d 199) (1980) ("Harm as well as error must be established by an appellant in order to secure a reversal of his conviction.") (citations omitted); *Durrance v. State*, 319 Ga. App. 866, 871 (2) (738 SE2d 692) (2013) (accord).

3. Wilkerson contends that the trial court erred in failing to sentence him to a punishment within the statutory range for false imprisonment under the rule of lenity.

---

Count 2 charged that Wilkerson committed aggravated assault in that he:

> did make upon the person of [the victim] with his hands, an object, device, and instruments [sic] which when used offensively against a person did result in serious bodily injury by pulling her down with his hands resulting in her falling and becoming an incomplete quadriplegic.

If the jury had found that Wilkerson had intended to commit the assault, but that he did not *maliciously* cause the bodily harm that resulted, that is, with intent to cause the harm, it could have found him guilty of the aggravated assault and found him not guilty of the aggravated battery. See *McClain v. State*, 232 Ga. App. 282, 283 (1) (502 SE2d 266) (1998).

[5] OCGA §§ 16-5-21 (b) (imprisonment for not less than one nor more than 20 years), (i) (imprisonment for not less than three nor more than 20 years for offense between persons formerly living in the same household); 16-5-24 (b) (imprisonment for not less than one nor more than 20 years), (g) (imprisonment for not less than three nor more than 20 years for offense between persons formerly living in the same household).

He contends that he could have committed the offense of false imprisonment by simply restraining the victim's legs and, in that sense, "rendered . . . her legs useless" as charged in the indictment. Word games aside, not only is false imprisonment not the same offense as aggravated battery, so as to implicate the rule of lenity,[6] the two offenses have almost nothing in common. False imprisonment is at essence a crime of unlawfully interfering with another person's ability to leave a place.[7] Aggravated

---

[6] The rule of lenity applies when a statute, or statutes, establishes, or establish, different punishments for the same offense, and provides that the ambiguity is resolved in favor of the defendant, who will then receive the lesser punishment. . . . The rule of lenity is a rule of construction that is applied only when an ambiguity still exists after having applied the traditional canons of statutory construction. . . . [T]he rule of lenity may be applicable where there are different gradations of punishment for the same offense[.]

(Citations and punctuation omitted.) *McNair v. State*, 293 Ga. 282, 283-284 (745 SE2d 646) (2013).

[7] See OCGA § 16-5-41 (a) ("A person commits the offense of false imprisonment when, in violation of the personal liberty of another, he arrests, confines, or detains such person without legal authority."); *Moore v. State*, 340 Ga. App. 151, 154-155 (796 SE2d 754) (2017); *Kiser v. State*, 327 Ga. App. 17, 19-20 (2) (755 SE2d 505) (2014); *Wilson v. State*, 304 Ga. App. 743, 747-748 (1) (d) (698 SE2d 6) (2010).

battery, on the other hand, involves maliciously causing a serious physical injury.[8] It is difficult to imagine a better example of causing bodily harm by rendering a member of the victim's body useless than causing a spinal cord injury resulting in permanent paralysis of the victim's legs. See *Jackson v. State*, 316 Ga. App. 588, 590 (1) (730 SE2d 69) (2012). This argument lacks merit.

4. Wilkerson contends that he received ineffective assistance of counsel. Specifically, he argues that he was prejudiced by his counsel's failure to subpoena the records from the shelter where the victim was staying. Had counsel subpoenaed the records, he argues, he would have found that the victim "suffered from mental illness" which, "combined with her memory issues and heavy medication could have been impeaching."

To succeed on an ineffective assistance claim, a criminal defendant must demonstrate both that his trial counsel's performance was deficient and that prejudice resulted. *Strickland v. Washington*, 466 U. S. 668, 691 (104 SCt 2052, 80 LEd2d 674) (1984).

---

[8] See *Thomas v. State*, 325 Ga. App. 682, 684-685 (2) (754 SE2d 661) (2014); *Brockington v. State*, 316 Ga. App. 90, 93 (1) (728 SE2d 753) (2012).

7

To show that the performance of his lawyer was deficient, [the defendant] must prove that his lawyer performed [his] duties at trial in an objectively unreasonable way, considering all the circumstances, and in the light of prevailing professional norms. As for prejudice, the proper standard requires the defendant to show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome. If the defendant fails to satisfy either prong of the *Strickland* test, this Court is not required to examine the other.

(Citations and punctuation omitted.) *State v. Harris*, 301 Ga. 234, 237 (2) (799 SE2d 801) (2017).

Wilkerson tendered the subject records at the hearing on his motion for a new trial. The records show that, a few days after checking into the shelter and about two weeks before the altercation at issue, the victim met with a caseworker at the shelter, and they completed a "Barriers to Housing Stability Assessment." The question "Do you have mental health issues that have caused you to lose your housing in the past?" was checked "yes." Wilkerson has not shown what mental health issues the victim had or how he could have shown at trial that those issues diminished the victim's credibility regarding the events at issue. We conclude that Wilkerson has not carried his burden of showing that, but for counsel's failure to obtain the assessment from the

8

shelter, there is a reasonable probability that the result of the proceeding would have been different. The trial court did not err in rejecting Wilkerson's ineffective assistance claim. *Taylor v. State*, 282 Ga. 693, 696-697 (2) (c) (653 SE2d 477) (2007)*; Wickerson v. State*, 321 Ga. App. 844, 853-854 (4) (a) (743 SE2d 509) (2013).

*Judgment affirmed. Bethel, J., and Senior Appellate Judge Herbert E. Phipps concur*.